JOURNAL ENTRY AND OPINION
Defendant-appellant Julius McCoy appeals the decision of the trial court finding him to be a sexual predator pursuant to R.C.2950.09(B)(1). Defendant contends plaintiff-appellee State of Ohio failed to produce clear and convincing evidence demonstrating he is a sexual predator and the trial court erred in not directing a verdict in his favor.
The record reveals defendant was convicted on April 14, 1995, of attempted sexual penetration and gross sexual imposition involving two male children, ages two and seven. Initially, he was granted probation, but after violating his probation, he was imprisoned. While in jail, the Ohio Department of Corrections and Rehabilitation forwarded a recommendation to the trial court suggesting that defendant be adjudicated a sexual predator.
On April 29, 1999, the trial court commenced a sexual predator hearing. After hearing the arguments of counsel and the testimony of a forensic psychologist, plus the admission of numerous documentary exhibits, the trial court found defendant to be a sexual predator pursuant to R.C. 2950.09.
Defendant timely filed his notice of appeal and now submits a single assignment of error which states as follows:
 THE STATE FAILED IN ITS CASE IN CHIEF TO PRODUCE CLEAR AND CONVINCING EVIDENCE PURSUANT TO R.C. 2950.09(B)(1) AND THE LOWER COURT ERRED IN NOT DIRECTING A VERDICT IN (sic) BEHALF OF DEFENDANT.
Defendant argues the state failed to demonstrate by clear and convincing evidence that he is a sexual predator. He claims the state relied upon three factors when making its decision: (1) the victims were under thirteen years of age; (2) the conviction was for more than one victim; and (3) he did not complete his court ordered sex-offender program. Defendant contends the state did not present any testimony as to the first two factors but instead relied on presentence reports. He argues, simply restating from the presentence reports, the age of the victims and the fact that there were two victims does not amount to compelling facts sufficient to establish that he is likely to engage in one or more sexually oriented offenses in the future. Moreover, defendant maintains he presented the testimony of a forensic psychologist who testified that, given the appropriate treatment and an environment that does not include young children and/or illicit substances, defendant does not present a risk of recidivism. Regarding defendant not completing his court ordered sexual offender program, the trial court found that the state did not present any evidence to support this claim.
A sexual predator is defined in R.C. 2950.01(E) as:
 [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(1) provides for a hearing during which the court determines whether the individual is a sexual predator and states in relevant part:
 * * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *
R.C. 2950.09(B)(2) provides in relevant part:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Furthermore, R.C. 2950.09(B)(3) states:
 After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *
When determining whether a person is a sexual predator, the court must consider all relevant factors, including those listed in R.C.2950.09(B)(2). The statute does not require the court to list the criteria, but only to consider all relevant factors, including the criteria in R.C. 2950.09(B)(2) in making its findings. See State v. Cook (1998), 83 Ohio St.3d 404.
The state admitted as evidence and discussed several documents at the sexual predator hearing. The first was a court psychiatric evaluation. The evaluation concluded defendant had a cocaine dependence and was experiencing a schizoaffective disorder. The second document was an Adult Sex Offender Assessment Summary. This summary noted defendant was taking several psychotropic medications to control his mental illness. The summary also noted defendant had been raped as a young boy and as a teenager. The summary determined defendant was at a high risk level for re-offending based on his drug use, his vacillating between denying the commission of the instant offense and being unable to recall its commission, his lack of concentration and memory loss, and his having a mental illness.
The state discussed these reports and argued defendant was likely to engage in future sexually oriented offenses because the victims were young, ages seven and two; there were multiple victims; defendant has a mental disease; defendant was sexually abused as a child; defendant is drug dependent and has not completed a court ordered drug treatment program; and he denied committing the crimes.
On his behalf, defendant presented the testimony and written report of a forensic psychologist who stated he thought that, given the appropriate treatment for his mental illness and that his environment does not include access to young children or illicit substances, defendant is * * * not a predatory risk on the external environment. On cross-examination, the psychologist admitted that if defendant was exposed to children, continued his drug abuse, and did not receive treatment for his mental illness then he would be considered a high risk for engaging in sexually oriented offenses.
As to the statutory factors, defendant was age forty-two (42) and the victims were ages two (2) and seven (7). In addition, defendant committed the above crimes when he was baby-sitting for the two boys. This indicates that defendant was in a position of authority in relation to the boys and that he abused his authority by committing the sexual crimes against the boys. Moreover, defendant abused both boys so there were multiple victims. Also, defendant has a history of mental illness.
Regarding additional evidence, the psychologist stated that in order for defendant not to be a predatory risk, i.e., unlikely to engage in sexually oriented offenses, he had to stop using drugs and continue taking his mental illness medication. The record shows defendant has used illegal drugs from the age of 26 until the present. It also shows that he was admitted to a drug rehabilitation facility in 1985 for drug treatment. Defendant said he stopped using drugs in June, 1995, but in 1996 he tested positive for illegal drug use. In addition, a letter from a neighborhood counseling service stated that in 1995 defendant was missing for five days which resulted in his missing his mental illness medication for five days.
Construing the above factors and evidence, we find that the trial court properly found there is clear and convincing evidence that defendant is a sexual predator. Defendant's history reveals that he is inconsistent in regard to controlling his illegal drug use and mental illness medication which are two areas the psychologist stated he needed to stabilize in order to be a low risk as a predator. Plus, several of the statutory factors apply to the present case which show he is likely to engage in the future in sexually oriented offenses.
It is ordered that appellee recover from appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., LEO M. SPELLACY, J., CONCUR.